IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.:  3:93-471-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NAPOLEON GOODSON IV | ) | |
| _____ | ) | |

The defendant, Napoleon Goodson IV, pled guilty on January 10, 1995 to Count 4 (distribution of cocaine), Count 5 (use of firearm in drug trafficking crime), and Counts 8 and 13 (possession of a firearm by a felon) of the Second Superseding Indictment.   The Honorable Dennis W. Shedd, then a United States District Judge, sentenced the defendant to 240 months as to Count 4, 22 months consecutive as to Count 8,  and 120 months concurrent as to Count 13, for a total sentence of 262 months with regard to Counts 4, 8 and 13. Additionally, the defendant was sentenced to 60 months as to Count 5, to run consecutive to the sentences imposed in Counts 4, 8 and 13.  Therefore, the defendant received a total term of imprisonment of 322 months.  Upon Judge Shedd's elevation to the Fourth Circuit Court of Appeals, this case was reassigned to the undersigned.

The defendant has previously been before this court, having filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines. The government opposed the defendant's motion, pointing out the serious nature of the crimes of conviction and the fact that the defendant has what can charitably be called a poor performance record while incarcerated.  Moreover, after being sentenced by Judge Shedd in federal court, the defendant was sentenced in state court for misprision of a felony in a case

dealing with manslaughter.  For that conviction, the defendant received a state sentence to run concurrent with the federal sentence then being served by Goodson.  After careful consideration of the matter, this court denied the defendant's first § 3582 motion in an order dated January 13, 2010 (ECF No. 74).

The defendant now returns to this court, again pursuant to § 3582(c)(2), but this time asserting that he is entitled to relief under Amendment 750 of the United States Sentencing Guidelines (USSG).  Once more, the government has opposed the defendant's motion for essentially the same reasons it advanced in its response to the defendant's earlier § 3582 motion.

After full briefing by the parties, the court convened a hearing on July 30, 2013, attended by the defendant, his attorney Pete Strom, and Assistant United States Attorney Mark Moore.  The court heard extensive argument from both attorneys and allowed the defendant the opportunity to speak to the court regarding the issues presented and his adjustment to prison life.

At the hearing, both Mr. Strom and the defendant pointed out the defendant's clean record in prison in the past six years of his incarceration.  During his allocution, the defendant appeared to this court to be contrite and remorseful.  At the conclusion of the hearing, the court took the matter under advisement so that it could obtain information from the United States Probation Office regarding good time credits that might have been earned by the defendant during the service of his federal sentence.

At the sentencing before Judge Shedd, the defendant's combined offense level was 35 and his criminal history category was III.  This yielded a guideline sentencing range of 210 to 262 months on Counts 4, 8, and 13, plus 60 months consecutive on Count 5.  Judge Shedd sentenced the defendant at the high end of the guideline range and then added on the mandatory 60-month consecutive sentence.  The original sentence of 322 months was a "stacked" sentence comprised of 240 months on Count 4; 22 months consecutive as to Count 8; 120 months concurrent on Count 13, and 60 months consecutive on Count 5.

As is relevant to this case, 18 U.S.C. § 3582(c)(2) provides in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant now seeks a reduction pursuant to Amendment 750 which permits a two-level reduction in the offense level and applies to eligible defendants who were sentenced for crack offenses under the Guidelines.  Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(u), the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Part A of Amendment 750 altered the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Fair Sentencing Act of 2010—which statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b)—directed the Sentencing Commission to lower the guideline offense levels. Amendment 750 became effective on November 1, 2011 and was made retroactive. In *Dillon v. United States*, 130 S. Ct. 2682 (2010), the Supreme Court explained that § 3582 authorizes only a limited adjustment to an otherwise final sentence.

According to the United States Probation Office, applying Amendment 750 to the defendant's sentence would produce a new total offense level of 31, with the criminal history remaining at III. This would yield a revised advisory guideline range of 135 to 168 months on Counts 4, 8, and 13, plus the 60-month mandatory consecutive sentence on Count 5.

After carefully considering all of the relevant factors in this case, this court is of the opinion that the defendant is entitled to a modest reduction in his sentence. The court acknowledges that the defendant has apparently behaved well in prison since this court's 2010 denial of his earlier motion. The court cannot overlook the fact, however, that Judge Shedd apparently felt the defendant's charges were serious enough to warrant a sentence at the top end of the Guidelines.

The court is also aware of the defendant's state conviction and concurrent sentence, and the fact that the defendant committed numerous violations of prison regulations to include smuggling illegal controlled substances into the Federal Correctional Institution at Edgefield, South Carolina. In light of all these circumstances, the court has determined that a reduction of 12 months is appropriate in this case.

Therefore, pursuant to § 3582, it is ordered that the defendant's term of incarceration be reduced to 310 months, consisting of 240 months as to Count 4; 10 months consecutive as to Count 8; 120 months concurrent as to Count 13, and 60 months consecutive as to Count 5.  All other provisions of the defendant's original sentence remain in full force and effect.  This sentence has been determined after considering all of the information placed before this court regarding the defendant, and considering the factors set forth in 18 U.S.C. § 3553(a).  The court has also considered the defendant's post-sentencing conduct while incarcerated and his allocution at the hearing on his § 3582 motion.

The Clerk is directed to enter an Amended Judgment.

IT IS SO ORDERED.

August 5, 2013                               Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge